**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5317-18T1

PHILIP EMANUELE,

     Plaintiff-Respondent,

v.

PATRICIA EMANUELE,

     Defendant-Appellant.

_____

Submitted March 11, 2020 – Decided April 3, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-1071-18.

Bathgate Wegener & Wolf, PC, attorneys for appellant (Ryan S. Malc, on the briefs).

Ansell, Grimm & Aaron PC, attorneys for respondent (Alfred Michael Caso, on the brief).

PER CURIAM

Defendant Patricia Emanuele appeals from a July 12, 2019 order granting plaintiff Philip Emanuele's post-judgment motion to correct a provision of the parties' matrimonial settlement agreement (MSA), pursuant to Rule 4:50-1(a). We affirm in part and reverse and remand in part.

The parties were married for nearly forty-three years, their children were emancipated, and each party was collecting comparable social security income while residing in separate residences at the time they entered into the MSA. As a result, the MSA contained a mutual waiver of alimony and primarily addressed equitable distribution.

Paragraph 3.1(2) of the MSA stated:

> As of April 2, 2018, [t]he marital residence was encumbered by a [h]ome [e]quity [l]ine [o]f [c]redit (HELOC) [with] a balance of $190,763.44. The [plaintiff] borrowed $168,000.00 against the HELOC for moving expenses and the [defendant] borrowed $22,763.44 for moving expenses. The [plaintiff] also borrowed $55,200.00 ($27,600.00 of which belonged to [defendant]) from the joint Imn. Bank account for a down payment of home expenses. The [defendant] has liquidated an additional $191,871.00 ($95,935.50 belonged to [plaintiff]) in joint bonds to purchase her residence. Thus the [plaintiff] has liquidated $195,600 ($168,000 + $27,600) of joint assets to purchase his residence and the [defendant] has liquidated $118,698.50 ($22,763 + $95,935.50) of joint assets to purchase her residence. This results in the [plaintiff] owing [defendant] $76,901.00 so they may equalize the advances on equitable distribution.

A-5317-18T1

The parties also agreed to equally divide their retirement accounts, an annuity, two bank accounts, the cash surrender value of a life insurance policy insuring defendant, and refunds on any jointly filed tax returns.

Plaintiff filed a post-judgment motion alleging a mutual mistake in paragraph 3.1(2) of the MSA. He certified as follows:

> The sentence that says "[defendant] has liquidated $118,698.50 ($22,763 + $95,935.50)" should state "[defendant] has liquidated $214,634.44 ($22,763.44 + $191,871).["]
>
> . . . .
>
> The MSA math calculation then continues incorrectly to state[:] "This results in [plaintiff] owing [defendant] $76,901.00 so they may equalize the advances on equitable distribution." Clearly, neither the [d]efendant, [nor] myself realized that the math was wrong.

Plaintiff claimed he did not owe defendant $76,901, and instead owed $4391.99, to equalize the advances on equitable distribution.

The motion judge agreed. Regarding paragraph 3.1(2), he stated:

> This paragraph as written evinces a clear mistake of math which is clearly evident without having to refer to any extrinsic evidence. The amounts sought to be divided and equalized were the HELOC of $190,763.44; the joint Imn. Bank account of $55,200.00 and joint bonds of $191,871.00 for a total of $432,834.44. Assuming an equal division, each should have received $219,417.22. The [plaintiff]

received $168,000.00 and $55,200.00 for a total of $223,200.00 or $3[]782.78 more than he should have. . . . Consequently [p]aragraph 3.1(2) of the parties['] [M]SA shall be modified to reflect that the [plaintiff] owes the [defendant] $3[]782.78 as opposed to $76,901.00.

On appeal, defendant argues the judge's finding of a mutual mistake was erroneous because the parties disputed whether the responsibility for the sums taken on the HELOC should be divided equally during settlement negotiations. Defendant asserts the MSA identified all advances against equitable distribution including the HELOC, which therefore evidences the parties' intent to exclude the HELOC from being divided equally as their other assets and liabilities. She asserts a plenary hearing is necessary to resolve the parties' conflicting understanding of the MSA.

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120 (1977) (citing Hodgson v. Applegate, 31 N.J. 29, 43 (1959)). Therefore,

> [a] motion under Rule 4:50-1 is addressed to the sound discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied. The decision granting or denying an application to open a judgment will be left

undisturbed unless it represents a clear abuse of discretion.

[Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994) (internal citations omitted).]

In pertinent part, Rule 4:50-1 states "[o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect." (emphasis added.)

The judge did not err in correcting the mathematics in paragraph 3.1(2). The MSA clearly evinces the parties' intent for an equal equitable distribution. Defendant's assertion the parties intended to divide the sums taken on the HELOC differently is unsupported.

The judge was not required to consider extrinsic evidence or have a plenary hearing to resolve this dispute. We previously stated:

"A basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." Hardy ex. rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009). . . .

[I]n interpreting an agreement, we "must try to ascertain the intention of the parties as revealed by the language used, the situation of the parties, the attendant circumstances, and the objects the parties were striving to attain." Celanese Ltd. v. Essex Cty. Imp. Auth., 404 N.J. Super. 514, 528 (App. Div. 2009) (citing

5

> Onderdonk v. Presbyterian Homes of N.J., 85 N.J. 171, 183-84 (1981)).
>
> . . . However, "[i]f the terms of the contract are susceptible to at least two reasonable alternative interpretations, an ambiguity exists. In that case, a court may look to extrinsic evidence as an aid to interpretation." Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 238 (2008) (internal citations omitted).
>
> [Barr v. Barr, 418 N.J. Super. 18, 31-32 (App. Div. 2011) (second alteration in original).]

Paragraph 3.1(2) was not susceptible to two different interpretations and instead contained a clear mathematical error. For these reasons, we affirm the judge's decision to grant relief pursuant to Rule 4:50-1(a) without a plenary hearing.

Notwithstanding, our review of the judge's findings reveals a mathematical error. The judge determined the HELOC, joint Imn. Bank account, and joint bonds totaled to $432,834.44 and equally divided to $218,917.22. He concluded because plaintiff received $223,200, he received an excess of $3782.78. However, the HELOC, Imn. Bank account, and joint bonds totaled to $437,834.44. Therefore, because plaintiff received $223,200, he received an excess of $4282.78. For these reasons, we reverse and direct the motion judge to enter an order reflecting the corrected amounts.

6

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION